ANNA W. REED vs. JOHN F. KIMBALL.

Suffolk.   May 19, 1915. — June 22, 1915.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Remoteness.   *Malicious Prosecution.*

At the trial of an action for malicious prosecution of the plaintiff on the charge
of larceny, where the plaintiff introduced evidence tending to show that, be-
cause of such prosecution and the publicity connected with it, she lost patronage
of a boarding house and restaurant maintained by her, the judge properly may
exclude as too remote evidence offered by the defendant tending to show that
four years after such prosecution the plaintiff was indicted for the crime of
abortion and was tried and acquitted in 1912 and that the newspapers pub-
lished the fact of her arrest and trial, such evidence having no tendency to
show the cause of damages suffered by the plaintiff four years before.

CARROLL, J.   This is a suit for malicious prosecution.   The
plaintiff was arrested in October, 1907, on a warrant procured by
the defendant charging her with the larceny of $5,500 and was
tried and acquitted.   At the trial of the present action * she in-
troduced evidence tending to show that because of such arrest and
the publicity connected with it, she was damaged in her business
and lost patronage in her boarding house and restaurant.

The defendant offered to show, as bearing on the question of
damages, that the plaintiff was indicted for the crime of abortion
in December, 1911, was tried for that offence and was acquitted
in March, 1912, and that the newspapers published the fact of her
arrest and the evidence at the trial.   This evidence was rejected
by the trial judge and the only exception now relied on by the
defendant is the refusal of the court to receive it.

Because of its remoteness the evidence offered by the defendant
had no tendency to show that the damage suffered by the plaintiff
in 1907 was in any way affected by her arrest in 1911 and trial in
1912.   The evidence was properly excluded.   *Botkin* v. *Miller*,
190 Mass. 411.   *Murphy* v. *Needham*, 176 Mass. 422.   *Noxon* v.
*Hill*, 2 Allen, 215.   *White* v. *Mutual Fire Assurance Co.* 8 Gray, 566.

*Exceptions overruled.*

The case was submitted on briefs.
*H. S. MacPherson*, for the defendant.
*J. H. Blanchard & H. C. Blanchard*, for the plaintiff.

* Before *Lawton*, J.